**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000451
18-DEC-2019
09:19 AM**

NOS. CAAP-19-0000451 AND CAAP-19-0000595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TIM UZZANTI AND KATRINA UZZANTI, Individually, and as
Trustees for the TIM AND KATRINA UZZANTI TRUST
DATED JULY 15, 2005, Plaintiffs-Appellees, v.
PETER K. MARTIN, Defendant-Appellant, ANDREW
KEENAN; VANESSA KEENAN; K&S CONSTRUCTION LLC;
ELITE PACIFIC PROPERTIES LLC; DEBBIE ARAKAKI; GREG
BURNS, Defendants-Appellees, and JOHN DOES 1-10;
JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE
PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE
GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 14-1-0664(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By:  Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Defendant-Appellant Peter K. Martin's
(Martin) appeal from the Honorable Rhonda I.L. Loo's

- May 31, 2019 judgment, and

- August 1, 2019 order granting Plaintiffs-Appellees
  Tim Uzzanti and Katrina Uzzanti's (the Uzzantis)
  motion for attorneys' fees and costs against
  Martin

in Civil No. 14-1-0664(1) pursuant to Hawaii Revised Statutes
(HRS) § 641-1(a) (2016) because the May 31, 2019 judgment

(a) lacks sufficient specificity, (b) does not resolve all claims as to all parties, and (c) does not contain a finding of "no just reason for delay" in the entry of judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP).

Based on HRS § 641-1(a) and HRCP Rule 58, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (internal quotation marks omitted). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. at 119, 869 P.2d at 1338 (original emphasis).

Although the Uzzantis asserted seventeen separately enumerated counts in their November 21, 2014 complaint, the May 31, 2019 judgment vaguely enters judgment in favor of the Uzzantis and against Martin, only, without specifically

2

identifying the claim or claims on which the circuit court intends to enter judgment against Martin, in violation of the requirements for an appealable final judgment in Jenkins. Although HRCP Rule 54(a) provides that "[a] judgment shall not contain a recital of pleadings, . . . or the record of prior proceedings[,]" the May 31, 2019 judgment recites four prior interlocutory orders in an apparent attempt to resolve the claims to which those orders refer. However, references to prior orders do not resolve claims in a judgment, and when, as here, the judgment does not, on its face, resolve all claims as to all parties, the judgment must contain the finding necessary for certification under HRCP Rule 54(b).

Granted, the May 31, 2019 judgment does not need to enter judgment on or dismiss the Uzzantis' claims as to Defendants-Appellees Elite Pacific Properties, LLC, Debbie Arakaki and Greg Burns, because on February 2, 2018, all parties who appeared in this case stipulated to dismiss all claims as to those parties pursuant to HRCP Rule 41(a)(1)(B), and the Supreme Court of Hawai'i "hold[s] that a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties, is effective without order of the court. See HRCP Rule 41(a)." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and original brackets omitted).). But the May 31, 2019 judgment fails to adequately resolve the other remaining claims that the February 2, 2018 HRCP Rule 41(a)(1)(B) stipulation to dismiss did not resolve.

The circuit court "DENIED[,]" and, thus, rejected the parties' July 24, 2018 HRCP Rule 41(a)(1)(B) stipulation to dismiss the Uzzantis' claims as to Defendants-Appellees Andrew Keenan, Vanessa Keenan and K&S Construction, LLC (K&S), which was not signed by all parties who have appeared in the action, in violation of the requirement that a "stipulation of dismissal" must be "signed by all parties who have appeared in the

action[.]" HRCP Rule 41(a)(1)(B). Neither the circuit court nor the parties have otherwise resolved all of the Uzzantis' claims as to Andrew Keenan, Vanessa Keenan and K&S. Although the circuit court entered a May 25, 2018 order granting Andrew Keenan, Vanessa Keenan and K&S's petition for determination of good faith settlement pursuant to HRS § 663-15.5 (2016), that May 25, 2018 order did not dismiss all of the Uzzantis' claims against them, and some of those claims remain pending and unresolved before the circuit court. Even if the May 25, 2018 order had dismissed all of those claims (which it did not), the circuit court would still be obligated to reduce all orders of dismissal to the separate judgment. The May 31, 2019 judgment does not resolve those claims.

Although the May 31, 2019 judgment does not resolve all claims as to all parties, the May 31, 2019 judgment does not contain the necessary express finding of "no just reason for delay" in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Although the May 31, 2019 judgment concludes with a statement that "there are no remaining claims or parties in this action," the Supreme Court of Hawai'i has explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins. 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). In the absence of (1) sufficient specificity and (2) the finding necessary for certification under HRCP Rule 54(b), the May 31, 2019 judgment fails to satisfy the requirements in Jenkins for an appealable final judgment.

Although Martin asserted a separate appeal from a subsequent August 1, 2019 post-judgment order granting the Uzzantis' June 17, 2019 HRCP Rule 54(d)(2)(B) motion for an award

of attorneys' fees and costs against Martin, Hawai'i appellate courts have consistently held that "[a]bsent entry of an appealable final judgment on the claims . . . [to which an award of attorneys' fees and costs relates], the award of attorneys' fees and costs is . . . not appealable." Fujimoto v. Au, 95 Hawai'i 116, 123, 19 P.3d 699, 706 (2001); CRSC, Inc. v. Sage Diamond Co., Inc., 95 Hawai'i 301, 306, 22 P.3d 97, 102 (App. 2001) ("Similarly, the September 23, 1999 Order [awarding only attorneys' fees] and the February 3, 2000 Judgment [awarding only attorneys' fees] are not appealable, and we do not have appellate jurisdiction to review them."); cf. Bailey, 135 Hawai'i at 483-84, 353 P.3d at 1025-26 (holding that an order deciding a motion that was purportedly filed pursuant to HRCP Rule 60(b) is not an appealable post-judgment order "where the underlying ruling from which the party sought [HRCP] Rule 60(b) relief was not appealable."). Absent an appealable final judgment, we lack appellate jurisdiction over all of Martin's appeals.[1]

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000451 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, December 18, 2019.

Presiding Judge

Associate Judge

Associate Judge

---

[1] Although remands for the entry of amended judgments are sometimes warranted under HRS § 602-57(3) (2016) and the holding in State v. Joshua, 141 Hawai'i 91, 93, 405 P.3d 527, 529 (2017), the instant appeal does not seem appropriate for such a remand, because some of the Uzzanti Plaintiffs' seventeen-count complaint remains pending and unresolved as to Andrew Keenan, Vanessa Keenan and K&S, and we are reluctant to interfere with the circuit court's adjudication of the remaining claims.